## Fritz Seiwert v. The State.

### No. 3520. Decided April 24, 1907.

**1.—Local Option—Prima Facie Case—Law in Force.**

Upon trial for a violation of the local option law, where the evidence showed that local option was in effect by the orders of the court, which made a prima facie case, the objection to the order for election, etc., were not well taken.

**2.—Same—Evidence—Hearsay—Absence of Defendant—Remarks of Judge.**

Upon trial for a violation of the local option law, declarations of third parties that the prosecuting witness had delivered to them certain bottles of beer, and that one of the parties testified that he delivered said bottles of beer to another party, all of which transpired in the absence of defendant; and which testimony when delivered was accompanied by a statement of the judge that the same was admissible to corroborate the prosecuting witness. Held, that such testimony was inadmissible, especially with the remark of the court.

Appeal from the County Court of Burnett. Tried below before the Hon. J. G. Cook.

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law; and prosecutes this appeal.

The prosecutor B. W. Pilcher, testified positively to a sale by appellant to him on the 1st of November, 1906, of six bottles of Schlitz beer in the town of Marble Falls. Appellant testified, and positively denied that he sold the beer to the prosecutor.

We do not believe there was any error in the action of the court in instructing the jury that local option was in effect in Burnett County. The evidence adduced was the orders of the court, etc., and these orders established a prima facie case which was not gainsaid by any testimony on the part of appellant. The objections to the order for the election, and the order declaring the result and the certificate of the county judge are not well taken. See Magill v. State, decided at this term.

On the trial the State's witnesses Carl Francis, W. M. Riddle, and O. A. Smith testified that on the 2nd day of November, 1906, prosecuting witness B. W. Pilcher delivered to them certain bottles of beer marked or labeled "Schlitz beer" and the witness Francis was also permitted to testify that he delivered one or two of said bottles to said Riddle, and said Riddle was permitted to testify that he delivered said bottles to O. A. Smith. This testimony was objected to by appellant on the ground that no one but Pilcher had testified that defendant had sold him beer, and that it was sought by said evidence to corroborate Pilcher's purchase of said intoxicating liquor, and that same was an ex parte declaration of said witness not made in the presence of the defendant and not a part of the res gestæ of the sale, and appellant particularly objected to the testimony of Francis that he had delivered one or two of said bottles to W. M. Riddle, on the ground that same was irrelevant, immaterial and was an ex parte statement made in the absence of defendant, and could not bind him; that it was an effort to strengthen Pilcher's testimony by declarations and acts of his, and it was further objected that the court, in this connection, stated, in the presence and hearing of the jury, that said evidence was admissible to corroborate the witness Pilcher. This remark of the court was excepted to as well as the testimony. The court, in explaining this bill, says: "The witness Pilcher was not permitted to testify what he said as to where he got the beer, when he turned it over to the witnesses, neither was the witness Francis permitted to testify what the witness Pilcher said when he turned the beer over to the witnesses Crownover, Christian and Riddle." The court further stated: "The defendant having proven by the witness Denniston certain facts and circumstances tending to show that the witness Pilcher, was not in Marble Falls at the time of the alleged purchase and tending to negative the sale of any beer to Pilcher, the testimony of Francis and Riddle as to the fact of receiving the beer from Pilcher was admitted to corroborate the witness Pilcher's statements of being in Marble Falls at the date mentioned." If the beer which Pilcher gave to the parties named was a portion of the six bottles, which he testified were purchased by him from appellant, then we believe that it was legitimate to show this by him, and there is no bill of exceptions to this particular testimony. Indeed, reference to the testimony of the witness Pilcher shows that on cross-examination he testified that he purchased the beer from the defendant on the day named between eight and ten o'clock, and he gave two bottles to Crownover and Francis, another bottle to a phone man whose name he did not know. Of course, this character of testimony coming from the State's witness on cross-examination was legitimate. However, appellant contends that the remark of the court in that connection was hurtful to him, to wit: that the testimony of the witnesses corroborated the witness Pilcher. The judge explains this by stating that the testimony was admitted to corroborate the witness Pilcher as to the time when he should have been at Marble Falls,

which appellant disputed. It occurs to us that even conceding the jury understood the remark of the court in this way, under the circumstances of this case it would be on the weight of testimony, but the remark of the court was not so limited; as stated in the bill of exceptions, the court stated in the presence of the jury that he admitted the testimony to corroborate the witness Pilcher. The jury might use this testimony for the purpose of corroborating the witness Pilcher as to the sale and purchase by him of the beer in question, as well as with reference to the time when he testified he was at Marble Falls. We believe that the evidence of these witnesses, as explained by the court, was calculated to strengthen and corroborate the witness Pilcher as to the sale, which he testified was made to him by appellant, and which was sharply controverted by appellant. Under the circumstances the testimony of the other witnesses should not have been admitted, especially in connection with the remark of the court. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.